**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**SANDRA FORGEY,**

    Plaintiff,

v.

**TARGET CORPORATION, a Minnesota corporation, and
JOHN DOES 1-10,**

    Defendants.

---

## NOTICE OF REMOVAL

COMES NOW Defendant, Target Stores, a division of Target Corporation ("Target"), by and through its attorney of record, John R. Chase of Montgomery Amatuzio Chase Bell Jones, LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Target states as follows:

1. On March 18, 2019, Plaintiff filed a Complaint against Target in the District Court for Douglas County, State of Colorado. *See* Ex. A, Compl. The Complaint asserts claims against Target based in negligence and Respondeat Superior, alleging that Plaintiff was riding a bicycle she purchased at Target when the steering mechanism failed and she was thrown to the ground and sustained injuries. Ex. A at ¶ 10. Plaintiff's Complaint seeks unspecified damages for her injuries. Plaintiff complains of, and seeks recovery for, "past and future physical and mental pain and suffering, medical and hospital expenses, both past and future, permanent disfigurement, permanent injuries, permanent disability, loss of earning capacity and loss of

enjoyment of life." Ex. A at ¶ 26. The Civil Case Cover Sheet, filed with the Complaint, indicates that Plaintiff is seeking damages in excess of $100,000, excluding interest and costs. *See* Ex. B at 2, Civil Case Cover Sheet.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (quoting 28 U.S.C. § 1446(a)).

3. The diversity requirement of § 1332(a), is satisfied here as the parties are completely diverse. Plaintiff is a Colorado citizen and resides in Douglas County, Colorado. Ex. A at ¶ 1. Defendant Target is a citizen of Minnesota, with its place of incorporation and principal place of business in the State of Minnesota. *See* Ex. C, Target's Colorado Secretary of State Corporate Summary. Since the parties are completely diverse, and Target is not a citizen of the forum state, this matter is removable pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

4. The amount in controversy requirement of § 1332(a) is satisfied when the allegations in the Complaint, along with the Civil Case Cover Sheet, satisfy the jurisdictional requirement. "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*, 135 S.Ct. at 549.  The U.S. District Court for the District of Colorado has held the jurisdictional requirement of § 1332(a) is met when a plaintiff indicates on the Civil Case Cover Sheet she is seeking a monetary judgment of more than $100,000.00. *Henderson v. Target Stores*, 431 F.Supp. 2d 1143, 1144 (D.Colo. 2006) (holding that "the civil case cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed.").  Further, in *Vargas v. Nash-Finch Co.*, the Colorado District Court held that the jurisdictional requirement is met when a plaintiff indicates on the Civil Case Cover Sheet that "she is seeking a monetary judgment for more than $100,000.00," and claims damages for serious injuries including surgery, physical and mental suffering, and loss of enjoyment of life. *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135 at *2 (D.Colo. Feb. 11, 2010).  The Tenth Circuit Court of Appeals agreed with this reasoning, and in *Paros Properties LLC v. Colorado Casualty Insurance Company*, found that civil case cover sheets are an unambiguous assertion by an officer of the court regarding a matter of significant consequence and therefore provide sufficient "other paper" to put a defendant on notice concerning the amount in controversy.  *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016).

5.      Here, the initial pleadings establish the basis for removal.  Plaintiff indicated on the Civil Case Cover Sheet she is seeking a monetary judgment over $100,000. Ex. B at 2.  The Complaint alleges that Plaintiff suffered serious injuries in the past, including a concussion and a bulging disc. Ex. A at ¶¶ 19, 21, 22, 26.  In addition to complaining of permanent impairment, disfigurement, economic and non-economic damages, Plaintiff complains that she has suffered a

loss of earning capacity and she will sustain future medical and hospital expenses. Ex. A at ¶ 26. She further prays for costs, attorney fees, deposition expenses, expert witness fees, and interest. *Id.* at 5, jury demand. Based on Plaintiff's damages election in excess of $100,000 in the Civil Case Cover Sheet, and the alleged serious nature of Plaintiff's unspecified economic and noneconomic damages pled in the Complaint, the jurisdictional requirement of §1332(a) is satisfied.

6. Alternatively, this Court has found a plaintiff's "valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim." *Levings v. Interstate Distributor Co.*, No. 10-CV-02384-JLK-MEH, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The amount in controversy is not proof of the amount the plaintiff will recover . . . it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Accordingly, defendants may use documents that show a plaintiff's estimate of her claim as a way to support a notice of removal. *Id.* Additionally, the *Levings* court found that damages allegations "in the form of medical bills . . . loss of wages, and lost earning capacity, disability, [and] impairment . . . present a combination of facts and a theory of recovery that may support a claim in excess of $75,000." *Levings*, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010).

7. Here, Plaintiff's allegations of continuing disability, permanent impairment, economic and non-economic damages, pain and suffering, and the need for future medical treatment, including surgery, arising out of the alleged incident will likely exceed $75,000. On November 9, 2018, Plaintiff's counsel prepared a settlement demand letter, claiming that

4

Plaintiff sustained injury to her head and cervical spine, and demanded $350,000 to settle Plaintiff's claims. *See* Ex. D at 3, Pl.'s Settlement Demand letter. While Plaintiff's past medical specials total around $6,187.90, she has alleged that as a result of the accident, she will require future medical care, including a cervical spine surgery, in the amount of $191,459. *Id*. At 12. Additionally, Plaintiff has alleged unspecified non-economic damages in the amount of "Policy Limits." *Id*. Accordingly, Plaintiff's economic and non-economic damages detailed by Plaintiff's counsel indicate Plaintiff will likely seek more than $75,000 in damages. Therefore, Defendant has established a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and removal is appropriate at this time.

    8.    The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas*, 2010 WL 582135 at *1 (quoting *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Plaintiff served her Complaint on Defendant on March 21, 2019. *See* Ex. E, Service of Process. Pursuant to F.R.C.P. 6(a), when the last day of a time period, specified in any statute, falls on a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a). Thus, this Notice of Removal is timely as Defendant has filed for removal within the time period specified by the applicable statute and F.R.C.P. 6(a)

after service of the initial pleading, which provided Defendant with sufficient information to ascertain removability.

9. Pursuant to 28 U.S.C. § 1446(d), Target will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

10. As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court for Douglas County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as Exhibits F to H.  Defendant Target will also separately file each pending motion, petition, and related response, if any.

11. Pursuant to D.C.Colo.LCivR 81.1, Target represents that no motion hearings are currently set in the state court action and no trial date has been set.

12. By filing this Notice of Removal, Target does not waive any defenses that may be available to it.

Respectfully submitted April 22, 2019.    MONTGOMERY AMATUZIO
                                          CHASE BELL JONES, LLP

                                          By: */s/John R. Chase*
                                              John R. Chase
                                              4100 E. Mississippi Ave, 16th Floor
                                              Denver, Colorado 80246
                                              Telephone: (303) 592-6600
                                              Fax: (303) 592-6666
                                              jchase@mac-legal.com

                                          ATTORNEYS FOR TARGET STORES, A
                                          DIVISION OF TARGET CORPORATION


## CERTIFICATE OF MAILING

I hereby certify that, on April 22, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was prepared for service to the following in the manner indicated below:

Richard J. Banta, Esq.
The Law Office of Richard J. Banta, P.C.
501 South Cherry Street, Suite 1100
Denver, Colorado 80246
Email: rjbanta@comcast.net

☐ Fax   ☐ U.S. Mail   ☐ E-mail   ☒ ECF

*s/Lisa M. Gruning*
[Signature on File: Lisa M. Gruning]